JUSTICE WARNER
concurs.
¶18 I concur with the Court’s Opinion. I write separately to address the argument made by Haynes that Shodair’s handling of the grievance he filed in 2002, noted in ¶ 4 above, misled him into believing that he was not required to file a grievance concerning his alleged constructive discharge.
¶19 On August 6,2002, Haynes received an e-mail from his supervisor criticizing his leadership and handling of staff and informed him that he was expected to improve in this area. Two other employees also received this e-mail. Haynes responded that the real problem rested with the frequent unexcused absences of a subordinate working with him. Haynes filed a grievance concerning this e-mail. However, he was informed by his supervisor that the e-mail was neither an oral warning nor constituted a disciplinary action. The supervisor described the email as merely a statement of some of her expectations for Haynes’ overall performance, and the grievance policy did not apply.
¶20 Thereafter, Haynes’ attorney and Shodair exchanged a series of letters concerning Haynes’ job performance and the staff member in question. The matter, as far as the record shows, culminated with implementation of a work schedule for the other employee. However, the situation apparently did not improve, and was a large part of Haynes’ claim that he was constructively discharged.
¶21 The record does not show that Haynes was ever told that he was being disciplined in connection with the criticisms in the August 2002 e-mail, or that Shodair’s grievance policy applied. Nor was Haynes ever advised that he did not need to file a grievance concerning any further complaints he might have concerning management’s handling *292 of the situation with his subordinate.
¶22 An examination of the record reveals nothing that could reasonably be construed to mislead Haynes into believing that he was not required to file a grievance if matters became so intolerable that his only recourse was to quit his job. Additionally, any possible confusion was cleared up in a timely fashion by the phone call from Shodair’s attorney advising that the grievance policy applied.
DISTRICT JUDGE FAGG, sitting for JUSTICE MORRIS joins in the foregoing concurrence.